IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONNIE BRUMLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 13-1812 |
| ) | |
| CAROLYN W. COLVIN, ACTING ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

O R D E R

AND NOW, this 25th day of March, 2015, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §401, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither

reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] As stated above, substantial evidence supports the decision of the Administrative Law Judge ("ALJ") that Plaintiff is not disabled, and little further discussion is necessary as to most of the issues raised by Plaintiff. Suffice to say that the ALJ adequately discussed the weight she assigned to the evidence and her formulation of Plaintiff's residual functional capacity, and substantial evidence supports her findings. Plaintiff's claim that the ALJ erred in finding that he did not meet the requirements of Listing 1.04, 20 C.F.R. Part 404, Subpart P, Appendix 1, on the other hand, requires further discussion.

Plaintiff specifically asserts that he meets the criteria of subsection A of Listing 1.04, which provides:

> *Disorders of the spine* (e.g. herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in the compromise of a nerve root (including the cauda equine) or the spinal cord. With:
>
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

Accordingly, to meet this listing, Plaintiff must show a specific disorder of the spine with evidence of nerve root compression, characterized by all of the following: (1) neuro-anatomic distribution of pain; (2) limitation of motion of the spine; (3) motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss; and (4) since there is involvement of the lower back in this case, positive

straight-leg raising tests (sitting and supine). See Doran v. Colvin, 2014 WL 4660055, at *4 (M.D. Pa. Sept. 17, 2014). The ALJ accepted that Plaintiff had positive straight-leg raising tests and that there was evidence of nerve root contact and stenosis. However, she found that there was no atrophy or reduced strength or any significantly reduced range of motion. (R. 59).

Plaintiff asserts that a few notes in the records of his treating physician, Dr. Anthony Ricci, M.D., demonstrate to the contrary. However, the ALJ, in making these findings, cited to objective clinical findings in the record, specifically those of Drs. Jon Levy, M.D., Michael J. Platto, M.D., and Richard Hahn, M.D., as to Plaintiff's muscle strength and lack of atrophy. Dr. Ricci's notes, on the other hand, do nothing more than report Plaintiff's apparent claims of right leg weakness and difficulties walking. However, to meet Listing 1.04(A), a finding of atrophy or muscle weakness must include certain detailed and specific descriptions, and must be based on objective observations during examination and not merely on a patient's allegations. See Listing 1.00(D). Dr. Ricci's reports, which contain only fleeting references to leg weakness in any event, contain no objective clinical findings in regard to muscle strength. Further, Dr. Ricci did not associate the complaints of weakness with motor loss accompanied by sensory or reflex loss.

Plaintiff further argues that the ALJ ignored the observations of Dr. Hahn, the consultative examiner, that Plaintiff had an antalgic gait and that he moved poorly around the room and on and off the table. However, the ALJ, later in her decision, rejected Dr. Hahn's findings as to Plaintiff's reduced ambulation based on the other evidence in the record. (R. 62). While this discussion was not expressly part of the Step Three analysis, it clearly addressed Dr. Hahn's observations as to Plaintiff's mobility. The Court emphasizes that it looks at an ALJ's decision as a whole in determining whether an ALJ's Step Three findings are supported by substantial evidence, and here the decision as a whole demonstrates that the ALJ considered Dr. Hahn's observations regarding Plaintiff's ambulation, but found them to be contradicted by other record evidence. See Izzo v. Commissioner of Soc. Sec., 186 Fed. Appx. 280, 285 (3d Cir. 2006) (citing Jones v. Barnhart, 364 F.3d 501, 505 (3d Cir. 2004)). The Court further notes that Dr. Hahn made specific findings as to muscle strength, and made no finding of atrophy, on which the ALJ relied. Moreover, nothing in Dr. Hahn's findings suggest

3

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (document No. 5) is DENIED and Defendant's Motion for Summary Judgment (document No. 7) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf:     Counsel of record

---

difficulties in ambulation that would meet the standard in Listing 1.00(B)(2)(b).

Because Plaintiff cannot establish that he experienced motor loss evidenced by atrophy with associated muscle weakness or muscle weakness, the Court need not reach the issue of whether the ALJ was correct in finding that Plaintiff did not have a significantly reduced range of motion, since, as discussed above, Plaintiff must establish all of the criteria to be found to be disabled under Listing 1.04(A). Accordingly, the Court finds that substantial evidence supports the ALJ's finding that Plaintiff did not meet this listing. Moreover, the ALJ specifically indicated that Plaintiff had no impairment **or combination of impairments** that meet **or medically equal** any listing, and, considering her decision as a whole, substantial evidence supports that finding. Indeed, Plaintiff does not even suggest what other medical findings related to his impairments are at least of equal medical significance to the required motor loss. See 20 C.F.R. §§ 404.1526(b)(1)(i)(A) and (ii).

4